IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


OLEN JAMES HICKS                                              PLAINTIFF


v.                                  CIVIL NO. 2:18-CV-2206


ANDREW M. SAUL, [1] Commissioner,
Social Security Administration                               DEFENDANT



**MEMORANDUM OPINION**

Plaintiff, Olen James Hicks, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claims for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the

Social Security Act (Act). In this judicial review, the Court must determine whether there is

substantial evidence in the administrative record to support the Commissioner's decision. See

42 U.S.C. § 405(g).

Plaintiff protectively filed his current applications for DIB and SSI on August 1, 2013,

alleging an inability to work since March 27, 2013, due to a neck injury from a car accident in

2000, depression, and anxiety. (Tr. 75, 92, 111). For DIB purposes, Plaintiff maintained

insured status through December 31, 2014. (Tr. 1457). An administrative hearing was held

---

[1] Andrew M. Saul, has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant,
pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

on August 28, 2014, at which Plaintiff and a vocational expert testified. (Tr. 40-73). The ALJ issued a written opinion dated May 22, 2015, where he found that the Plaintiff had not been under a disability within the meaning of the Social Security Act. (Tr. 30). Plaintiff subsequently appealed the decision to the Appeals Council, who declined to reverse the decision. (Tr. 1-5). Plaintiff then appealed the decision to the United States District Court for the Western District of Arkansas on August 31, 2016. (Tr. 1560). On April 25, 2017, pursuant to the Commissioner having filed an unopposed motion requesting remand, the United States District Court granted the motion pursuant to "sentence four" of section 405(g) in order to conduct further administrative proceedings and remanded the case back to the Commissioner. (Tr. 1566-1567). Subsequently, on June 14, 2017, the Appeals Council issued an opinion vacating the previous decision of the Commissioner and remanding the case to the ALJ. (Tr. 1569-1572).

On October 19, 2017, a subsequent hearing was held at which Plaintiff appeared with counsel and testified. (Tr. 1487-1517). Monty Lumpkin, Vocational Expert (VE), also testified. (Tr. 1517-1527). In a written decision dated August 20, 2018, the ALJ found that since the alleged onset date of disability, March 27, 2013, Plaintiff had severe impairments of degenerative disc disease of the cervical and lumbar spine, depressive disorder due to other medical conditions, anxiety disorder due to other medical conditions, mild neurocognitive disorder due to traumatic brain injury, urinary retention/incontinence, sleep apnea, status post-surgery of the cervical spine and lumbar spine; and chronic pain. (Tr. 1457-1458). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 1458-1460). The ALJ

2

found that prior to June 22, 2017, the date Plaintiff became disabled, Plaintiff had the residual

functional capacity (RFC) to perform sedentary work as defined in 20 CFR §§ 404.1567(a)

and 416.967(a), except for the following:

> [C]laimant can occasionally overhead reach bilaterally and is limited to jobs
> that can be performed while using a handheld assistive device 50 percent of
> the time for prolonged ambulation. In addition, the claimant has no limitations
> (defined as absent or minimal limitations) in his ability to understand and
> remember simple instructions and his ability to interact appropriately with co-
> workers, supervisors, and the public. The claimant has mild limitations
> (defined as slight limitations but still able to function well) in his ability to
> make judgments on simple and complex work-related decisions and his ability
> to respond appropriately to usual work situations and changes in a routine work
> setting. Finally, the claimant has moderate limitations (defined as more than
> slight limitations but still able to function satisfactorily) in his ability to carry
> out simple and complex instructions.

(Tr. 1460). Furthermore, the ALJ found that beginning on June 22, 2017, Plaintiff had the

residual functional capacity (RFC) to perform sedentary work as defined in 20 CFR §§

404.1567(a) and 416.967(a), except for the following:

> [C]laimant can occasionally overhead reach bilaterally and is limited to jobs
> that can be performed while using a handheld assistive device 50 percent of
> the time for prolonged ambulation. In addition, the claimant has no limitations
> (defined as absent or minimal limitations) in his ability to understand and
> remember simple instructions and his ability to interact appropriately with co-
> workers, supervisors, and the public. The claimant has mild limitations
> (defined as slight limitations but still able to function well) in his ability to
> make judgments on simple and complex work-related decisions and his ability
> to respond appropriately to usual work situations and changes in a routine work
> setting. Finally, the claimant has moderate limitations (defined as more than
> slight limitations but still able to function satisfactorily) in his ability to carry
> out simple and complex instructions. The claimant would require extra breaks
> during the course of the work day, in addition to regularly scheduled breaks,
> such that the claimant would be off-task 12 percent of the work day on a
> consistent basis.

(Tr. 1468). With the help of a vocational expert (VE), the ALJ determined that since March

27, 2013, Plaintiff had been unable to perform his past relevant work, and that prior to June

22, 2017, there were jobs that existed in significant numbers in the national economy that

Plaintiff could perform, such as a receptionist, a time keeping clerk, and a telephone solicitor. (Tr. 1470-1471). However, beginning on June 22, 2017, the ALJ determined that based on Plaintiff's age, education, work experience, and RFC, there were no jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 1471). Thus, the ALJ concluded that the Plaintiff had not been under a disability, as defined in the Social Security Act, prior to June 22, 2017, but became disabled on that date and continued to be disabled through the date of the decision. (Tr. 1472).

Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 14, 15).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff argues on appeal that the Commissioner's decision must be remanded because the ALJ committed reversible error in finding Plaintiff could perform semi-skilled work at Step 5 despite finding Plaintiff had no transferrable skills, and in the alternative, the ALJ's finding that the transferability of jobs was not material was reversible error. (Doc. 13). Plaintiff relies solely on Swafford, v. Colvin, 2017 WL 26909 (E.D. Ark. Jan. 3, 2017) for support of his argument. Upon review, the Court finds that Swafford is not controlling precedent. The Court agrees with the reasoning set forth in the Government's brief and finds Plaintiff's argument on appeal to be without merit. The Court further finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 12th day of March 2020.


/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE